# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 20-2029V

|  |  |
|---|---|
| MARIA BELEN BANAAG,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Michael Joseph Lang, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2020, Maria Belen Banaag filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 5, 2018. Petition at 1. On September 8, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 59.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,383.97 (representing $24,206.20 in fees plus $1,177.77 in costs). Application for Attorneys' Fees filed Jan. 31, 2024, ECF No. 64. Petitioner filed a signed statement representing that Petitioner incurred $17.50 in out-of-pocket expenses. ECF No. 65.

Respondent reacted to the motion on Jan. 31, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 66. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*,

2

461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with prior determinations and will therefore be adopted.

However, the attorney's fees must be reduced for redundant time billed for the review of status reports, correspondence cover letters, and other cursory documents prepared by another attorney. ECF No. 64 (entries dated 9/9/21; 9/2/22; 12/1/22; 11/17/23; 8/28/23; 9/11/23; 9/20/23). I note that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). I will not award attorney's fees for this redundant work. This results in a **reduction in the amount of fees to be awarded of $214.00.**

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 22-32. Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $25,187.47**[3] as follows:

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

3

- **A lump sum of $25,169.97 (representing $23,992.20 in fees plus $1,177.77 in costs), in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Craig Homer; and**

- **A lump sum of $17.50, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.